**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CAPCORP INVESTMENTS LLC,

    Petitioner,

        - against -

TFS INTERNATIONAL LLC, as ATG Investments LLC,

    Respondents.

Case No. ___

**CAPCORP INVESTMENTS LLC's PETITION TO CONFIRM AND ENFORCE ARBITRAL AWARD**

Petitioner Capcorp Investments LLC ("Capcorp" or "Petitioner") by and through its undersigned counsel, respectfully states as and for its Petition for the relief requested herein as follows:

Preliminary Statement

1.    By this action, this Petition seeks the following relief:

    i.    Under the Inter-American Convention on International Commercial Arbitration ("Panama Convention"), which is recognized in Chapter 3 of the Federal Arbitration Act ("FAA"), confirming the foreign arbitral award (the "Award") in CMA Arbitration Procedure No. 780 (the "Arbitration" or "Procedure No. 780"), *Capcorp Investments LLC vs. TFS International LLC, Capcpar Investimentos S.A., TFSInter Investimentos S.A., Agera Telecomunicações S.A., Alexandre Dias De Souza*, principally dated October 9 2024, and made final on March 27, 2025, before the São Paulo Chamber of Conciliation, Mediation and Arbitration – CIESP/FIESP in São Paulo, Brazil; and

ii.    Directing that judgment on the Award be entered in favor of Petitioner Capcorp Investments LLC ("Capcorp") and against Respondent TFS International LLC ("TFS") in the amounts that include all compensation, fines and post-award interest as prescribed in the Award, as well as post-judgment interest at the rate stipulated in 28 U.S.C. § 1961.

The Parties

2.    Petitioner Capcorp is a private international trading company organized and incorporated under the laws of Delaware, with its registered office at 16192 Coastal Highway, Lewes, Delaware in the United States.  Barbosa Decl. Ex. M. Capcorp was the Claimant in the Arbitration.

3.    Respondent TFS is a private international trading company, organized and incorporated under the laws of Delaware, with offices at 16192 Coastal Highway, Lewes, Delaware in the United States.  TFS was one of the Defendants in the Arbitration.  Currently, TFS is doing business as ATG Investments LLC ("ATG") as TFS underwent multiple name changes since its formation in 2008.  Barbosa Decl. Ex. K; Barbosa Decl. Ex. M.

Jurisdiction and Venue

4.    This Petition seeks confirmation of a foreign arbitral award pursuant to 9 U.S.C. § 207 under the Panama Convention, which is recognized under Chapter 3 of the FAA.[1]

5.    Under 9 U.S.C. § 202, the Panama Convention governs this proceeding because the Award is a foreign award, having occurred in Brazil, a signatory of the Panama Convention, that involved two U.S. parties where their relationship involved property located abroad, envisaged

---

[1] Chapter 3 incorporates by reference §§ 202-207 of the FAA, which regulate the enforcement of awards under the U.N. Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention.

performance or enforcement abroad, and had a reasonable relation with events that occurred outside the United States. Accordingly, under § 203 of the FAA, the Court has subject matter jurisdiction since district courts of the United States have original jurisdiction over actions or proceedings under the Panama Convention, regardless of the amount in controversy.

6. This Court has quasi in rem jurisdiction to confirm and enforce the Award because the assets Capcorp seeks to satisfy TFS's debts are currently held in escrow accounts (the "Accounts") in a branch of Citibank, N.A., located at 153 E. 53rd St., 18th Fl., New York, NY 10022., which is within the Court's judicial district.

7. Venue is proper in this judicial district under § 204 and § 302 of the FAA, and 28 U.S.C. § 1391(b)(2), since the Accounts are located within the Court's judicial district.

<u>The Arbitration and the Award</u>

8. The extensive factual background regarding the Arbitration can be found in the Memorandum of Law in Support of this Petition, the declaration of attorney Daniella Spach Rocha Barbosa, the true and correct copy of the Award, and a certified translation of the Award from Portuguese to English attached to Ms. Barbosa's declaration. Below is a brief overview of the facts.

9. The Arbitration was arises from distinct issues from a partial arbitration award rendered in a prior proceeding between the same parties as a means to settle the outstanding obligations by TFS.[2] Barbosa Decl. Ex. A, ¶7.

10. Pursuant to the Award and in accordance with the Brazilian Civil Code and the SPA, the Tribunal established that monetary correction (to account for inflation), interest, and, in certain instances, non-compliance penalties shall apply. Barbosa Decl., ¶ 16.

---

[2] Other parties were involved in this proceeding who are not subject to this Petition.

11.    After both parties presented a Motion for Clarification/Request for Interpretation, an Award Amendment (First Amendment/Award Clarification) was issued on December 17, 2024. Barbosa Decl. Ex. C.  From this decision, the Respondents filed a new request for clarification.

12.    On March 11, 2025, the Panel issued a decision on a new request for clarification made by TFS and Mr. Alexandre, where the items "cc" and "dd" of ¶ 1326 were reworded. Barbosa Decl. Ex. C, ¶ 89(c).  TFS had fifteen days to submit any further requests for clarification from March 11, 2025, which it failed to comply with, rendering the award final on March 27, 2027. Ex. D, ¶ 12.4; Barbosa Decl., ¶12.

13.    The Award is final, binding, and enforceable under Brazilian law.  No action to vacate, suspend, or annul the Award is pending in Brazil, and the statutory period to seek annulment has expired.  This Petition seeks to enforce all the findings, fees, and allotted damages found in the Award to Capcorp.

Relief Requested

14.    WHEREFORE, Petitioner Capcorp respectfully requests that this Court enter an order and judgment against Respondents TFS granting the following relief in favor of Petitioner Capcorp:

a.    confirming the Award under the Panama Convention pursuant to Chapter 3 of the FAA;

b.    as provided in the Award, granting monetary damages in favor of Petitioners, in the amounts of:

i.    The amount of **US$ 1,186,295.57** (representing BRL 5,539,559.20 (principal amount) + BRL 569,269.85 (calculated interest) =

BRL 6,108,829.05 (total), converted into U.S. dollars at 5.1495 exchange rate[3]);

ii.    The amount of **US$ 38,803.76 (**representing BRL 181,199.12 (principal amount) + BRL 18,620.83 (calculated interest) = BRL 199,819.95 (total), converted into U.S. dollars at 5.1495 exchange rate);

iii.    The amount of **US$ 1,710,915.16** (representing BRL 7,989,337.58 (principal amount) + BRL 821,020.02 (calculated interest) = BRL 8,810,357.60 (total), converted into U.S. dollars at 5.1495 exchange rate);

iv.    The amount of **US$ 33,047.16** (representing BRL 154,317.95 (principal amount) + BRL 15,858.40 (calculated interest) = BRL 170,176.35 (total), converted into U.S. dollars at 5.1495 exchange rate);

v.    The amount of **US$ 385,141.48** (representing BRL 1,798,467.50 (principal amount) + BRL 184,818.55 (calculated interest) = BRL 1,983,286.05 (total), converted into U.S. dollars at 5.1495 exchange rate);

vi.    The amount of **US$ 56,640.44** (representing BRL 264,489.78 (principal amount) + BRL 27,180.15 (calculated interest) = BRL 291,669.93 (total), converted into U.S. dollars at 5.1495 exchange rate);

vii.    The amount of **US$ 181,086.50** (representing BRL 845,606.61 (principal amount) + BRL 86,898.31 (calculated interest) = BRL 932,504.92 (total), converted into U.S. dollars at 5.1495 exchange rate);

viii.    The amount of **US$ 21,097.69** (representing BRL 22,905.00 (principal amount) + BRL 85,737.54 (calculated interest) = BRL 108,642.54 (total), converted into U.S. dollars at 5.1495 exchange rate);

ix.    The amount of **US$ 564,711.38** (representing BRL 950,610.52 (principal amount) + BRL 2,859,531.66 (calculated interest) – BRL 902,160.93 (amortization) = BRL 2,907,981.25 (total), converted into U.S. dollars at 5.1495 exchange rate);

x.    The amount of **US$ 7,365.38** (representing BRL 332,755.13 (principal amount) + BRL 307,716.82 (calculated interest) –

---

[3] The conversion rate to U.S. dollars is 5.1495 as of February 27, 2026.

BRL 602,543.95 (amortization) = BRL 37,928.01 (total) converted into U.S. dollars at 5.1495 exchange rate);

xi.    The amount of **US$ 46,906.46** (representing BRL 166,735.76 (principal amount) + BRL 74,809.05 (calculated interest) = BRL 241,544.81 (total), converted into U.S. dollars at 5.1495 exchange rate);

xii.    The amount of **US$ 48,831.04** (representing BRL 168,778.84 (principal amount) + BRL 82,676.59 (calculated interest) = BRL 251,455.44 (total), converted into U.S. dollars at 5.1495 exchange rate);

xiii.    The amount of **US$ 17,131.99** (representing BRL 80,000.00 (principal amount) + BRL 8,221.16 (calculated interest) = BRL 88,221.16 (total), converted into U.S. dollars at 5.1495 exchange rate);

xiv.    The amount of **US$ 214,149.81** (representing BRL 1,000,000 (principal amount) + BRL 102,764.47 (calculated interest) = BRL 1,102,764.47 (total), converted into U.S. dollars at 5.1495 exchange rate); and

xv.    The two court fines for specific performance:

1.    The amount of **US$ 215,149.40** (representing BRL 1,107,911.83 (total amount of monthly fines up to and including February 2026, converted into U.S. dollars at 5.1495 exchange rate);

    A.    The continued issuance of the BRL 110,791.18 monthly fine as long as the Debtors are in default; and

    B.    This fine has a maximum cap of 50% of the contingency's total amount (BRL 5,539,559.19);

and

2.    The amount of **US$ 970,968.06** (representing the amount of BRL 5,000,000.00 (total amount of monthly fines up to and including February 2026, converted into U.S. dollars at 5.1495 exchange rate):

    A.    The continued issuance of the BRL 500,000.00 monthly fine as long as the Debtors are in default; and

       B.      This fine has a maximum cap of BRL 20,000,000.00.

c.      awarding Petitioners their fees and costs incurred in this proceeding, including their attorneys' fees, and prevailing party costs;

d.      awarding all post-award interest, subject to monetary adjustment, as specified in the Award, and penalties that continue to accrue as specified in the Award;

e.      awarding post-judgment interest pursuant to 28 U.S.C. § 1961; and

f.      granting Petitioners such other and further relief as this Court deems just and proper.

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: */s/ Jonathan J. Walsh*
     Jonathan J. Walsh
     Robert C. Ruggiero
     101 Park Avenue
     New York, New York 10178-0061
     +1 212 696 6000 Telephone
     +1 212 697 1559 Facsimile

*Counsel for Capcorp Investments LLC*